**Hue T. NGUYEN, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**MONTGOMERY WARD & CO., INC., an Illinois corporation, Defendant.**

**Civ. A. No. CA–2–79–165.**

United States District Court, N. D. Texas, Amarillo Division.

May 14, 1981.

Gordon Goodman, Whittenburg Law Firm, Amarillo, Tex., for plaintiffs.

Joe Harlan, Gibson Law Firm, Amarillo, Tex., for defendant.

## MEMORANDUM OPINION

MARY LOU ROBINSON, District Judge.

Came on for consideration by the Court the Motion to Dismiss filed by the Defendant Montgomery Ward & Co., Inc. After having considered the motion, the briefs filed in support thereof and in opposition thereto, the Court is of the opinion that the motion should be granted.

The Plaintiff in this action is an alien of Vietnamese national origin. The Plaintiff applied for credit with the Defendant in July, 1979. Plaintiff alleges that the Defendant denied the Plaintiff credit on the ground that she was not a citizen of the United States. Plaintiff does not allege that Vietnamese aliens have been denied credit given to other aliens. The Plaintiff filed this action on behalf of herself and all others similarly situated. She contends that refusal of credit because of lack of United States citizenship constitutes discrimination on the basis of national origin and, as such, it violates the federal Equal

Credit Opportunity Act, 15 U.S.C. § 1691 *et. seq.*, and the regulations promulgated thereunder by the Federal Reserve Board, 12 C.F.R. § 202 *et. seq.*

While 15 U.S.C. § 1691(a) prohibits discrimination by a creditor against a credit applicant on the basis of several classifications including national origin, neither the statute nor its legislative history shows an intent of Congress to proscribe the denial of credit on the ground of lack of citizenship. Moreover, the regulations promulgated pursuant to the Equal Credit Opportunity Act specifically provide that a creditor may take immigration status into account in evaluating a credit application. In the absence of an indication of Congressional or regulatory intent to equate citizenship requirements with consideration of national origin, the Court is of the opinion that alienage is not within the purview of the Act. See *Espinoza v. Farah Manufacturing Co., Inc.*, 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973).

It is therefore ORDERED that the Plaintiff's complaint be, and it hereby is, dismissed.

Judgment shall be entered accordingly.